UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHANDAN PANDA, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:20-cv-1907 (KBJ) |
| CHAD F. WOLF, in his official capacity as Acting Secretary of Homeland Security, *et al.* | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

The Court should transfer this case to Judge Mehta and relate it to *Gomez v. Trump*, 20-cv-1419-APM. Under Federal Rule of Civil Procedure 42(a) and Local Civil Rules 40.5(a)(3), 40.5(a)(4), and 40.5(b)(3), the two cases involve common issues of fact, grow out of the same event or transaction, and relate to the same subject matter. Transferring and relating this case to *Gomez* is appropriate because, as this Court has recognized, both this case and *Gomez* challenge the "suspension of H-1B visas" under Presidential Proclamation 10052, *Proclamation Suspending Entry of Aliens Who Present a Risk to the U.S. Labor Market Following the Coronavirus Outbreak* (Jun. 22, 2020) ("Labor Proclamation"). *See* Order. Moreover, given the substantial overlap between *Gomez* and this case, Defendants submit that the most efficient use of judicial resources would be for the parties to litigate the similar issues in these cases before one court in this jurisdiction.[1] Thus, under Fed. R. Civ. P. 42(a) and LCvR 40.5(a)(3), 40.5(a)(4),

---

[1] Defendants note that the earliest of the Labor Proclamation cases, *Nguyen v. DHS*, Civ. A. No. 20-718, was also assigned to Judge Mehta. The *Gomez* plaintiffs acknowledged that *Nguyen* was related to their action, *see* Civ. A. No. 20-1419, ECF No. 2, and *Gomez* was

40.5(b)(3) and 40.5(c), the Court should relate the instant case to *Gomez* and transfer the matter to Judge Mehta.[2]

## BACKGROUND

The Plaintiffs are 174 Indian nationals who are H-1B employees and their derivative beneficiaries. They challenge the implementation of Presidential Proclamations 10014 and 10052 ("COVID-19 Labor Proclamations"), which Plaintiffs allege the Defendant agencies have interpreted to bar the processing and issuance of H-1B Visas. *See* Complaint, ECF No. 1, ¶¶ 1963–2019. Nevertheless, five other cases in this district also relate to the COVID-19 Labor Proclamations: *Nguyen v. DHS*, No. 20-cv-718 (D.D.C. filed Mar. 12, 2020); *Gomez v. Trump*, No. 20-cv-1419 (D.D.C. filed May 28, 2020); *Mohammed v. Pompeo*, No. 20-cv-1856 (D.D.C. filed July 9, 2020); *Aker v. Trump*, No. 20-cv-1926 (D.D.C. filed July 16, 2020); and *Fonjong v. Trump*, No. 20-cv-2128 (D.D.C. filed Aug. 5, 2020).

The two earliest cases, *Nguyen* and *Gomez*, and the most recently filed case, *Fonjong*, were all directly assigned to Judge Mehta. On August 3, 2020, Judge Mehta also determined that *Mohammed* was related to *Gomez*. *See* Order, *Mohammed v. Pompeo*, No. 20-cv-1856 (APM), slip op. at 1–2 (D.D.C. Aug. 3, 2020). On August 4, 2020, Judge Bates likewise determined that *Aker* was related to *Gomez*. *See* Order, *Aker v. Trump*, No. 20-cv-1926 (JDB), slip op. at 2–4 (D.D.C. Aug. 4, 2020). Judge Mehta has set a status conference for August 7, 2020 to determine how those cases before him should proceed. *See* Minute Order, *Gomez v. Trump*, No. 20-cv-1419

---

assigned to Judge Mehta in due course.

[2] Alternatively, the Court can transfer the instant case to the Calendar and Case Management Committee for reassignment.

(D.D.C. Aug. 5, 2020), and Minute Order, *Fonjong v. Trump*, No. 20-cv-2128 (D.D.C. Aug. 5, 2020). These cases, among others, prompted this Court's Order to Show Cause of July 30, 2020.

## STANDARD OF REVIEW

The background rule in this district is that civil cases "shall be assigned to judges of this court selected at random" in the manner specified in the local rules. LCvR 40.3(a). This rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000). Nevertheless, the related-case rule provides an exception. *See id.* at 202. Under that exception, cases are related when they either "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). Under Local Rule 40.5(c)(2), "[w]here the existence of related cases ... is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case." LCvR 40.5(c)(2).

## ARGUMENT

This case should be related to *Gomez* because both cases challenge the COVID-19 Labor Proclamations and involve duplicative claims. This is borne out by how a subclass of *Gomez* plaintiffs seek to represent:

> United States employers with an approved nonimmigrant visa petition for an employee or potential employee in the H1-B … nonimmigrant visa categor[y]; whose sponsored employee or potential employee's work petition for nonimmigrant status has been approved for employment in the United States, and whose sponsored employee or potential employee is subject to the June

3

> Proclamation and will, as a result of the June Proclamation, be unable to enter the United States[.]

Civ. A. No. 20-1419, ECF No. 46 at ¶ 300(d). And both cases are brought pursuant to the Administrative Procedure Act ("APA") and ask for injunctive and declaratory relief setting aside the COVID-19 Labor Proclamations to the extent that they prevent persons with approved H-1B petitions from entering the United States to begin work with United States-petitioning employers under an H-1B visa. *Cf. McNeil v. Guthrie*, 945 F.2d 1163, 1165–66 (10th Cir. 1991) (individual suits for injunctive and declaratory relief cannot be brought where a class action with the same claims exists). In short, the two cases involve similarly situated plaintiffs (with H-1B approvals), overlapping defendants (cabinet secretaries), parallel claims (challenges to the COVID-19 Labor Proclamations and on their being alleged *ultra vires* Executive actions), and many of the same requested forms of relief (injunctive relief requiring officials to continue processing H-1B visas).

Under these circumstances, the Plaintiffs cannot plausibly argue that this case and *Gomez* are unrelated. *See, e.g.*, *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010) (deeming cases related that challenge the same regulation, observing "there is substantial overlap in both the factual underpinning and the legal matters in dispute" in each case). Both cases "involve common issues of fact": challenges by H-1B beneficiaries to the COVID-19 Labor Proclamations and purported agency responses thereto. LCvR 40.5(a)(3)(ii). Both cases "grow out of the same event or transaction" for the same reasons. LCvR 40.5(a)(3)(iii). And there is little doubt that both cases relate to the same subject matter. LCvR 40.5(a)(4).

Plaintiffs may disagree and attempt to distinguish *Gomez* because that case also involves subclasses of other visa categories not directly related to H-1B beneficiaries. But a case "need not present entirely identical factual issues and legal claims to be sufficiently related." *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 122 (D.D.C. 2019). Moreover, this same argument proves Defendants' larger point that whatever is decided in *Gomez* will invariably overlap with the claims at issue here because *Gomez* includes, among other things, *the same claims and issues* Plaintiffs raise in this matter. Here, both cases involve beneficiaries of H-1B petitions, raise APA and *ultra vires* challenges to the same Presidential Proclamations, and include claims for similar injunctive relief. Thus, even if each case has separate legal and remedial issues beyond these shared concerns, allowing one court in this jurisdiction to consider both cases still improves judicial economy.

Regardless, how the other challenged visa categories at issue in *Gomez* might differ from the H-1B program is irrelevant when the same defendants are implementing the same Presidential Proclamations to administer the same sort of H-1B visas at issue in *Gomez*. *Cf. Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 286 F.R.D. 8, 10–11 (D.D.C. 2012) (relating cases where the plaintiff sought to enforce a subpoena seeking identity of alleged copyright infringers where those same individuals were named as Doe defendants in the earlier copyright action). That certain *Gomez* plaintiffs may assert different claims under other visa programs as part of separate putative subclasses should not be part of the equation. Simply put, there is no credible distinction between this case and *Gomez*.

5

## CONCLUSION

Based on the foregoing, the Court should transfer this case for reassignment to Judge Mehta.

Dated: August 6, 2020            Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

AARON S. GOLDSMITH
Senior Litigation Counsel

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

DATED:  August 6, 2020

                                By: */s/ Joshua S. Press*
                                       JOSHUA S. PRESS
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division