# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHANDAN PANDA, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHAD F. WOLF,<br>Acting Secretary of Homeland Security, *et al.*,<br><br>    Defendants. | Civil Action No. 20-01907-APM |

## CONSENT MOTION REQUESTING A
## STAY OF PROCEEDINGS PENDING APPEAL

Defendants respectfully move the Court to vacate the scheduling order and stay proceedings in this action while the Plaintiffs' expedited appeal to the D.C. Circuit of this Court's denial of their motion for a preliminary injunction remains pending. *See Panda v. Wolf*, Appeal No. 20-5284 (D.C. Cir.). In support of this unopposed motion, Defendants state as follows:

1. Plaintiffs filed their Complaint on July 14, 2020, *see* ECF No. 1, and moved for a preliminary injunction the next day, *see* ECF No. 3.

2. While briefing and arguments concerning the Plaintiffs' motion for a preliminary injunction were pending, this Court granted Defendants' consent motion for an extension of time to answer or otherwise respond to Plaintiffs' Complaint on September 3, 2020.

3. This Court denied Plaintiffs' motion for a preliminary injunction on September 16, 2020. *See* ECF No. 36.

4. The Plaintiffs appealed that denial the same day. *See* ECF Nos. 37–38.

5. In the course of setting the expedited briefing schedule before the D.C. Circuit, Plaintiffs' counsel agreed to stay litigation in the district course to avoid inefficiency and delay of both the parties' and this Court's resources.

6. This approach is consistent with the general rule that "if a defendant's interlocutory claim is considered immediately appealable …, the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984). This approach is known as the "divestiture rule," and is meant to balance the competing need to resolve cases expeditiously while preventing parties from having to litigate the same issues simultaneously.

7. The divestiture rule "is rooted in concerns of judicial economy, crafted by courts to avoid the confusion and inefficiency that would inevitably result if two courts at the same time handled the same issues in the same case." *United States v. Rodriguez-Rosado*, 909 F.3d 472, 477–78 (1st Cir. 2018) (citing *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000); *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Consequently, even though the divestiture rule's application turns on concerns of efficiency and is not mandatory, *see* 16A C. Wright & A. Miller, *et al.*, *Federal Practice and Procedure*, § 3949.1 n.53 (4th ed. 2018), "the filing of a notice of appeal is generally held to divest the trial court of jurisdiction" where those issues being appealed could be dispositive of the case before the district court, *United States v. Black*, 605 F. Supp. 1027, 1032 (D.D.C. 1985).

8. The divestiture rule applies here because Defendants intend to move to dismiss Plaintiffs' Complaint, but ruling on that intended motion would necessarily require the Court to

consider issues—such as the likelihood of success on the merits and injury in fact—which will be litigated as part of Plaintiffs' currently pending appeal.

9. Rather than unnecessarily expend the parties' or this Court's resources on a potentially premature motion to dismiss, Defendants request that the Court stay this case until the D.C. Circuit decides the Plaintiffs' appeal.

10. On September 21, 2020, counsel for Defendants contacted counsel for Plaintiffs to discuss this issue via electronic mail. Counsel for Plaintiffs agreed to a stay pending a decision from the D.C. Circuit on Plaintiffs' appeal, but do not agree with Defendants' legal position or conclusions in paragraphs 6, 7, and 8 above.

11. In fact, Plaintiffs have already filed their opening brief before the D.C. Circuit and Defendants' Response brief is currently due on October 13, 2020.

12. Defendants therefore submit that this extension request is not for the purpose of undue delay, will not prejudice the Plaintiffs, and that as articulated above, good cause exists for the request.

Accordingly, Defendants request the Court to vacate the scheduling order previously entered and stay this case until the D.C. Circuit decides Plaintiffs' appeal of the denial of their motion for a preliminary injunction. Defendants and Plaintiffs also agree in the event Plaintiffs withdraw their appeal, this case will no longer be stayed and will be moved back to the Court's active docket.

//

//

//

Dated: September 29, 2020    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

AARON S. GOLDSMITH
Senior Litigation Counsel

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
Facsimile: (202) 305-7000
e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2020, I electronically filed the foregoing CONSENT MOTION REQUESTING A STAY OF PROCEEDINGS PENDING APPEAL with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record

DATED: September 29, 2020

> By: */s/ Joshua S. Press*
> JOSHUA S. PRESS
> Trial Attorney
> United States Department of Justice
> Civil Division